```
               UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

N. Charles Johnson

    v.                                    Civil No. 13-cv-088-LM

Ocwen Loan Servicing, LLC, et al.

O R D E R

On April 22, 2013, a preliminary pretrial conference was held in this case. Attorney Samuel J. Donlon appeared for plaintiff; Attorney Jessica Suzanne Babine appeared for defendants. The court approves the Proposed Discovery Plan (document no. 9) with amendments as reflected in the chart below. The parties concurred with respect to each of the amendments. The key deadlines in the discovery plan are summarized in the chart below.

| Scheduling Designation | Deadline |
|---|---|
| **Complaint** | Plaintiff shall file a complaint in accordance with Fed. R. Civ. P. 8 on or before June 1, 2013 |
| **Joinder of Additional Parties** | June 1, 2013 |
| **Third-Party Actions** | June 1, 2013 |
| **Amendment of Pleadings** | June 1, 2013 |
| **Motions to Dismiss** | July 22, 2013 |
| **Motions for Summary Judgment** | October 1, 2013 |
| **Experts and Experts' Written Reports** | Plaintiff: October 7, 2013<br>Defendants: October 28, 2013 |

| **Completion of Discovery** | December 6, 2013 |
|---|---|
| **Challenges to Expert Testimony** | December 23, 2013 |
| **Trial Date** | February 4, 2014 |

The parties' statement regarding electronic discovery is inadequate. Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ." The parties' proposed discovery plan includes nothing about any agreement(s) with respect to electronic discovery, stating instead that the parties "believe that discovery in electronic form should be preserved and produced in text searchable electronic form. They agree to work together to preserve and exchange electronic discovery via mutually agreeable modes and methods, at mutually agreeable times." More is required under the rule.

As explained during the pretrial conference, the parties are ordered to meet and confer and file, on or before June 1, 2013, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

1. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

2. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

3. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

4. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI, and whether production of some or all ESI in paper form is agreeable in lieu of production in electronic format.

5. Reasonably Accessible Information and Costs. Counsel should attempt to determine if any responsive ESI is not reasonably accessible, i.e., is accessible only by incurring undue burdens or costs.

6. Privileged or Trial Preparation Materials. Counsel also should attempt to reach agreement regarding what will happen in the event privileged or trial preparation materials are inadvertently disclosed. See Fed. R. Evid. 502.

_____
Landya B. McCafferty
United States Magistrate Judge

April 22, 2013

cc:  Jessica Suzanne Babine, Esq.
     John S. McNicholas, Esq.
     Jeremy A. Miller, Esq.